JUDGE HARDEST
delivered the opinion oe the court.
The appellants brought this suit in equity, setting forth a promissory note of S. B. Perry for six hundred and sixty dollars and ninety cents, dated the 9th of November, 1866, and payable to them one day thereafter, on which they sought a recovery against Perry. They also exhibited and assailed as fraudulent a conveyance from Perry and his wife to "Warren Clayton of a house and lot, made on the 6th day of November, 1866, for the expressed consideration of eight hundred dollars, and prayed a sale of the'property to satisfy their debt.
They afterward filed an amended petition, alleging that the debt for which said note was given existed in an unsettled account before the date of said conveyance, and that said conveyance, embracing all the property Perry had, was made in contemplation of insolvency, and with the fraudulent intent to prefer Clayton, who was a creditor of Perry, to the plaintiffs.
Perry and Clayton, by separate answers, traversed the allegations of the petition, imputing fraud to them, and resisted a cancelment of the deed, but not a personal judgment against Perry on the note.
On a final hearing the court dismissed the action, and the plaintiffs now seek a reversal of that judgment.
The right of the plaintiffs to recover on the note against Perry being uncontroverted, it is conceded that the judgment as to him is erroneous; but it is insisted for the appellee Clayton that the dismission of the action as to him- was right, and should be affirmed.
Although it appears that the note of Perry was given to close a pre-existing account, it was neither alleged nor proved that the debt was created before the first day of June, 1866.
The first section of “ an act to exempt homesteads from *517 sale for debt” (Myers’s Supplement,'714) provides, “that in addition to the personal property now exempted from execution on all debts or liabilities created or incurred after the first day of June, 1866, there shall be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of a homestead, or for purchas”e-money due therefor, so much land, including the dwelling-house and appurtenances owned by the debtor, as~shall not exceed in value one thousand dollars.”
It appears that said property was occupied by Perry as a dwelling; .that' it was of less value than one thousand dollars; and that Perry was a bona fide housekeeper with a family, and entitled to the benefit of the homestead exemption. "Whatever therefore may have been his intention in making the conveyance to Clayton, it can not be said that any legal right of the appellants was violated by the conveyance of property which was exempt from liability to sale for their debt.
It is argued, however, that the right of exemption was waived by the failure of the appellees to claim it specifically in their answer. But in our opinion, whether the object of the action was to set aside the deed as fraudulent and subject the property to the debt, or to make it operative as a transfer of Perry’s property, for the use of his creditors, the general denials of the answers were sufficient to impose on the appellants the burden of showing that the deed was prejudicial to their lights; and, failing in this, they were not entitled to any judgment affecting Clayton’s title to the property.
Wherefore the judgment dismissing the action as to Clayton is affirmed; but as to Perry the judgment is reversed, and the cause remanded for a judgment on the note.