## O. S. WILLIAMS *v.* G. W. WARNER, ET AL.

**Mortgage—Preference of Creditor.**

A mortgage or sale of property not at the time subject to the claims of creditors cannot be set aside at the instance of creditors.

### APPEAL FROM GARRARD CIRCUIT COURT.

March 17, 1876.

OPINION BY JUDGE LINDSAY:

It is not averred that the mortgage executed by George W. to John Warner, was actually fraudulent.

The only claim, therefore, that appellant can assert to the proceeds of the corn, must arise out of the averment that it was executed in contemplation of insolvency, and to prefer John W. Warner and

Robinson to the other creditors of the mortgagor. This averment is distinctly and unequivocally denied. The only proof conducing in any degree to sustain it is the agreed fact that the mortgagor had no property, or very little property subject to levy and sale under execution, at the date of the execution of the mortgage.

When it is considered in connection with this fact, that the property mortgaged was not, itself, subject to the payment of appellees' debts, it is difficult to perceive how the preference given could bring the case within the reason of the statute of 1856. This court has heretofore held, and still adheres to the doctrine, that a mortgage or sale of property not at the time subject to the claims of creditors, cannot be set aside under the provisions of the act in question. *Lishby, White & Cochran v. Perry & Clayton,* 6 Bush 515.

It may be that a sale or mortgage of a growing crop, made with the intent to commit an actual fraud, can be disregarded when the crops mature; but that question does not arise in this case, as no actual fraud is charged. It does not matter that John W. Warner, was paid nothing as surety for George W. He has the right to have the proceeds of the mortgaged property applied to the payment of the debt for which he is bound as surety.

From all that appears in this record we may infer that George W. Warner purchased the land from Robinson before the debt to appellant was contracted. Such being the case, he has the right to pay for said land and hold his homestead as against such debt, and equity will not compel Robinson to refuse payment, and resort to his lien on the land. .

Judgment *affirmed.*

*Burdett & Hopper, for appellant.*
*John A. Anderson, for appellees.*

