## Speer, et al. v. Hall.

(Decided November 24, 1922.)

### Appeal from Oldham Circuit Court.

1. Partition—Title—Pleading.—In an action for partition of land, the plaintiff in order to show cause therefor must not only assert his own title but the title of defendant as well, and good pleading requires that he shall set out the facts from which results the joint ownership necessary to maintain the action rather than his conclusions merely; and when in such an action the plaintiff does plead the facts as well as his conclusions based thereon, the defendant cannot ignore the facts pleaded and simply deny plaintiff's conclusions and assert his own contrary conclusions from those or other facts not disclosed.

2. Partition—Pleading.—Such denial does not oust the chancellor of his jurisdiction to make the partition of land or order a sale therefor without the intervention of a jury to try title.

3. Partition—Description.—Where the owner of a tract containing 110 acres conveyed 93 acres thereof without describing them except by reciting that this leaves 17 acres to be taken off the north side of the farm, which is so indefinitely described as to be incapable of location, the grantee thereby acquired an interest in the whole tract as tenant in common with the grantor and in the proportion the number of acres conveyed bears to the whole estate.

4. Partition—Impairment of Value.—Where the plaintiff alleged and the defendants did not deny that land owned jointly is incapable of division without materially impairing its value, the court did not err in ordering a sale thereof under subsection 2 of section 490 of the Civil Code.

5. Pleading—Amendments.—The trial court has a large discretion in permitting or refusing to allow amendments to pleadings, and unless it is clear such discretion has been abused, this court will not interfere.

6. Pleading—Amendments—Discretion.—Where, after the issues had been completed for more than a year, proof had been taken and the case was under submission for final judgment, the court did not abuse its discretion in refusing to permit defendants to file an amended answer attacking the validity of a deed upon which the cause of action was in part based, and which was filed with the petition two years theretofore.

S. E. DeHAVEN and EDWARDS, OGDEN & PEAK for appellants.

ROBT. T. & WM. J. CROWE and J. BALLARD CLARK for appellee.


OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

A most unusual condition of title to 110 acres of land is presented by this record, and the appellants, who were the defendants below, contend that the petition as amended does not state a cause of action, and that the judgment of the chancellor is wholly without warrant.

In the petition appellee alleges that she is the owner and in possession of a tract of land in Oldham county containing about 93 acres, more or less, that the appellants are the owners of an adjoining tract containing 17 acres, and that the title to the two tracts merge in a common grantor. The 110 acres are described as one boundary, and it is then alleged that the parties derived title to their respective portions thereof through J. S. Speer in the following manner:

That Speer owned the whole tract in 1868 when he conveyed it to A. A. Hampton, who subsequently conveyed a life interest therein to Eliza Speer, wife of J. S. Speer, with the remainder to J. S. Speer; that thereafter a judgment was obtained in the Oldham circuit court against J. S. Speer and an execution levied on his remainder interest therein; that at the sheriff's sale D. C. Smith became the purchaser of his remainder interest in 93 acres of the land; that Smith conveyed same to Eliza Speer, who thus became the owner in fee of the 93 acres and had a life estate in the remaining 17 acres, the remainder interest in which was owned by J. S. Speer.

The deeds from the sheriff to Smith and from Smith to Mrs. Speer convey 93 acres of the 110-acre tract, without describing them, except by reciting that this leaves to J. S. Speer "a balance of 17 acres to be taken off the north side of the farm, beginning at an oak tree near the Frankfort road, thence southwardly a distance sufficient to make 17 acres; thence running eastward to a branch in the woods pasture."

It is then alleged that both Eliza Speer and J. S. Speer died intestate and childless; that the defendants are the heirs of J. S. Speer and that she is a sister and heir of Eliza Speer, and had purchased the interests of her other heirs. The following allegation is then made: "She says that no dividing fence has ever been established between the said 17-acre tract and the said 93-acre tract, but that the location of said lines and the monuments were well known to the said John S. Speer and the said Eliza Speer, but they are both now dead and a portion of the monuments have been destroyed, and the description in said sheriff's deed establishing said lines is so vague, indefinite and uncertain that plaintiff is not now able to establish said lines with certainty," and that the defendants will not agree with her as to the location of the dividing line. A plat of the 110-acre tract is filed with the petition, which concludes with the following prayer: "Wherefore plaintiff prays the court to establish in equity the boundary line between the plaintiff and defendants, allotting to them so much of said 110-acre tract as they are in good conscience entitled to, and allotting to the plaintiff so much of said tract as she is entitled to; and she asks that the description of said several tracts be made definite and certain."

After their demurrer to the petition had been overruled, defendants filed answer simply denying plain-

tiff's alleged ownership and possession of 93 acres of the land; or that the title of the parties merged in a common grantor; and alleged that the defendants were the owners and in possession of the entire 110 acre tract.

Thereafter plaintiff filed the following amended petition: "The plaintiff, Laura V. Hall, amends her original petition herein by leave of court and readopts all the allegations of her original petition herein except such as might be in conflict with this amendment.

"She says that by reason of the deeds and conveyances set forth in her original petition that she became and is now the owner in fee of a portion of the land described in her original petition. She says that by virtue of said deeds the defendants are the owners of seventeen acres of the land of said tract, and that the said deed by virtue of which she became the owner of said interest is so vague and uncertain that it is impossible to determine the boundary line between the 17 acres belonging to the plaintiff. She says that by reason of said vagueness and uncertainty that she and the defendants are now tenants in common of the tract of land described in her original petition, an undivided 93/110 of said tract (belonging) to this plaintiff and the undivided 17/110 belonging to the defendants.

"She further states that said property cannot be divided without materially impairing its value.

"Wherefore prays the court to decree a sale of said land as a whole, and the proceeds be divided among those entitled thereto; and she prays for reasonable attorney's fee, for her costs herein expended and for all proper and equitable relief."

After a demurrer had been overruled to the petition as amended, defendants filed an amended answer the same in substance as the one filed to the original petition, and containing in addition simply a denial that they and plaintiff "are joint tenants or tenants in common, or in any way."

Previous to the filing of the amended petition and amended answer, the case had been transferred to the ordinary docket upon motion of the defendants over the objection and exception of the plaintiff; and after the amended petition and amended answer had been filed, a jury was sworn and a trial begun, but upon the completion of the evidence for the plaintiff, and upon consideration of a motion by the defendants for a di-

rected verdict, the court upon its own motion set aside the swearing of the jury and transferred the case back to equity, to which the defendants objected and excepted.

Thereafter, and after proof had been taken by deposition and the case had been submitted for judgment upon motion of plaintiff over the objection and exception of defendants, the defendants offered to file an amended answer, which the court refused to permit to be filed, and judgment was rendered adjudging that the plaintiff and defendants were joint owners of the 110-acre tract of land, that same was a vested estate in possession and that it could not be divided among plaintiff and the defendants without materially impairing its value or the value of the interests of the plaintiff and defendants therein; that plaintiff owned an undivided 93/110 interest in the land, and the defendants owned an undivided 17/110 interest in same; and that same be sold and the proceeds divided among the parties according to their interests therein.

It is first contended by the appellants that the petition is an action for processioning of lands as provided by sections 2367-2373 of Kentucky Statutes, of which only county courts have jurisdiction, and if mistaken in this, it was an action to try title presenting only an issue of fact, which they were entitled to have tried by a jury.

We concur in the opinion of the chancellor that it was neither, and that it was an action upon the original petition for a partition of the 110 acres in kind, and after the amended petition was filed it became an action, under subsection 2 of section 490 of the Code, for partition by a sale thereof because of indivisibility.

If we are correct in this conclusion, the question of whether or not the land was jointly owned was vital and depends of necessity upon the legal effect of the deeds which the plaintiff set out and made parts of her petition, the execution and validity of which defendants did not attack, rather than upon the assertion by plaintiff and the denial by the defendants that the parties thereby became tenants in common, or the bare assertion of title by either and a denial thereof by the other.

In a suit for partition, the plaintiff in order to show cause therefor must of necessity not only assert his own title but the title of the defendants as well, and good pleading requires that he shall set out the facts from which results the joint ownership necessary to the

maintenance of the action, rather than his conclusions merely; and when in such an action the plaintiff does plead the facts as well as his conclusions based thereon, the defendant can not ignore the facts pleaded and simply deny the plaintiff's conclusions of law and assert his own contrary conclusions from those or other facts which he does not disclose, as was the attempt of defendants here. 30 Cyc. 227.

Besides, such a denial does not oust the chancellor of his jurisdiction to make partition or order a sale therefor without the intervention of a jury to try title. Phillips v. Johnson, 14 B. Mon. 140; Overton Heirs v. Woolfork, 6 Dana 371, 30 Cyc. 244.

The question of title has never been presented to this court under facts anything like those disclosed by this record, and the only pertinent cases we have been able to find are two from the Illinois Supreme Court cited by counsel for plaintiff, which involve facts slightly different from but entirely analogous to those presented by this record, and upon which the court reached the conclusion which we regard as sound that the parties were tenants in common and entitled to all the rights and remedies incident to such tenancy. These cases are Smith v. Crawford, 81 Ill. 296; Gill v. Grand Tower Mining Co., 92 Ill. 249.

In the former, the court held that where the owner of a tract of land conveyed a number of acres, less than the whole, without designating their locality, the grantee acquired an interest in the whole tract as tenant in common in the proportion which the number of acres conveyed bears to the whole tract. In support of this conclusion the court cites from Freeman on Cotenancy as follows: "If the owner of a tract conveys a number of acres less than the whole without designation of their locality, the grantee thereby acquires an interest in the whole tract as tenant in common with the grantor. The interest of the grantee is in the proportion which the number of acres conveyed to him bears to the whole number, and entitles him to all of the rights and remedies incident to the tenancy in common."

In the second case the court holds upon authority of the first, that where a whole tract of land is conveyed by its boundaries, reserving 20 acres without describing said 20 acres, the reservation will be good and the owner thereby will become a tenant in common with the owner

of the balance of the tract in the proportion the 20 acres bears to the number of acres in the whole.

This is practically what happened in the case at bar, since the sheriff, representing J. S. Speer, who owned the remainder interest in the entire 110-acre tract subject to Eliza Speer's life estate in the whole, conveyed to Smith 93 acres without describing them, and reserved to J. S. Speer 17 acres, the description of which the answer admits by not denying the allegation of the petition, is so indefinite, uncertain and vague that it is impossible to determine the location of the 17 acres owned by the defendants and the 93 acres owned by the plaintiff in the tract of 110 acres.

It is at least true beyond all question that even if it was not originally intended that the parties should own the entire tract jointly, it is now absolutely impossible as it was then to locate the several interests which the deeds ineffectually attempted to convey, and they must therefore, it seems to us, in good conscience and in equity be joint owners of the whole, since between them they do own the whole, and the attempt to make their interests several being incapable of execution must necessarily leave them joint owners thereof, and technically tenants in common since their titles are several and distinct, and they hold by unity of possession.

Plaintiff alleged and the defendants do not deny that there had never been any fence built upon the dividing line between the 93 and 17 acre tracts which the deeds contemplated, and that the monuments called for have been so obliterated by time that that line could not be located; and she proved in addition, which is not contradicted, that for about 40 years after the execution of the deeds which conveyed 93 acres to Mrs. Speer and left her husband the owner of the remaining 17 acres of the whole tract formerly owned by the latter, the two lived upon and occupied the whole tract jointly as husband and wife without either establishing or attempting to establish any division line to indicate a several holding of any part of the whole tract by either party; that after the death of the wife, the husband continued to occupy the whole tract until his death. During all of this time the then owners never attempted to reduce any separate rights to a several possession, and evidently treated as joint both their title and possession.

We are therefore of the opinion that the court did not err in holding that the 110-acre tract involved was a

vested estate jointly owned by and in the possession of the parties, and there being no denial by the defendants of the allegation that the land could not be divided without materially impairing its value or the value of the parties' interests therein, the court did not err in ordering its sale for division among the parties of the proceeds thereof.

In this view of the case the only other question for decision is whether or not the court erred, after the case had been submitted upon the motion of the plaintiff, in refusing to permit the defendants to file an amended answer in which they attacked the validity of the deed from the sheriff to Smith, and this we may dispose of very briefly, since whether or not the parties should be permitted to file a pleading changing the issues after the proof has been taken and the case has been submitted or is ready for submission is within the sound discretion of the trial court, and unless it is clear that such discretion has been abused, this court will not interfere. Section 134 Civil Code, and cases cited in notes thereunder.

The original petition setting up this deed as the basis in part of plaintiff's claimed title had been filed more than two years, and the amendment asking for a sale of the land for partition of the proceeds had been filed and the issues apparently completed more than a year before this amendment was offered, and in our judgment the trial court did not abuse a sound judicial discretion in refusing to permit it to be filed after so long a time, and after the case had been prepared and submitted for judgment upon the issues formed.

Judgment affirmed.