## McCaw v. Eaves Brothers, et al.

(Decided October 10, 1924.)

### Appeal from Fayette Circuit Court.

Guaranty—Landlord Held to Guarantee Payment of Notes Absolutely.—Papers executed by landlord simultaneously with notes executed by tenants to plaintiffs, "I promise to see that this note . . . is paid, the amount to be deducted from their share of the 1920 tobacco crop when sold," held absolute and not mere qualified guaranties.

TAYLOR N. HOUSE for appellant.

A. S. MOORE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In 1920 appellant was the owner of a farm upon which he raised tobacco. He had several tenants during that year raising tobacco on the shares, and these tenants were dealing with appellees, grocers in that locality.

On the first of July, 1920, three of those tenants executed their joint note to appellees for $325.00 for groceries theretofore received and to be thereafter delivered; and at the same time another tenant of appellant executed his individual note to appellees for ·$175.00

under the same conditions, and each of the notes was due in five months thereafter.

Simultaneously with the execution of these notes appellant, the landlord, executed and delivered to appellees, the grocers, the following two papers, to-wit:

"Lexington, Ky., July 1, 1920. I promise to see that this note for $325.00 signed by Estill Carter, Russell Carter and Howard Black is paid, the amount to be deducted from their share of the 1920 tobacco crop when sold."

The other paper is in the same language except as to the name of the tenant and amount.

After maturity of the notes, they remaining unpaid, appellees brought this action on these two papers against appellant. A demurrer to the petition was filed and overruled, and it is urgently insisted that this was error because the instruments on their faces show they were only qualified guaranties by appellant, and that in such guaranties it is necessary that the payors of the note should be sued and a return of no property had against them before the right of action accrues as against the conditional guarantor.

The notes were executed by the tenants and the guaranty agreements executed by appellant at the same time, and the parties were all present, and the interpretation to be given the language in the guaranty must be considered in this light. It is likewise testified by one of appellees that he informed the landlord at the time he would have to discontinue giving credit to his tenants unless this or some similar arrangement was made by which the landlord might secure him.

The first paragraph in the instrument imports an absolute promise to see that the two notes were paid; but the argument is made that the second paragraph is such a qualification of that absolute promise as makes it apparent the promise was intended only to pay from the proceeds of the share of the tenants, if there be such proceeds, and that therefore on their faces the guaranties were only conditional or qualified ones.

But we cannot agree with this interpretation; three parties were present and dealing with each other, the landlord, the tenants, and the creditor of the tenants. The landlord was vitally interested in having his tenants sustained while his crop was raised, the tenants were in-

terested in maintaining their families during that period, while the grocer was interested in securing payment for supplies already sold and to be thereafter sold. It is therefore apparent that the first paragraph operated as an absolute guaranty as between the landlord and the grocer, and that the second paragraph was not a qualification of the guaranty by the landlord to the grocer, but was inserted as evidence of an understanding between the landlord and his tenants that these debts of theirs which he was guaranteeing should be paid out of their proceeds of the crop.

Clearly the grocer was not interested in that feature of the matter, but it was inserted by the landlord, who prepared the body of the instrument, to protect himself against loss as between himself and his tenants.

We are of opinion, therefore, that the writing is an absolute guaranty as between the landlord and the grocer, and that the lower court properly overruled the demurrer. Marshall v. Hollingsworth, 166 Ky. 190; McGowan v. Wells, 184 Ky. 774.

After the demurrer was overruled the defendant filed an answer wherein he alleged that by the mutual mistake of the parties the written contract failed to express the actual agreement between them and that such actual agreement was that plaintiffs should be permitted to collect their store account, represented by the notes, from the tenants, and from their share of the tobacco crop then being grown upon defendant's land, but that before plaintiffs should be paid out of such proceeds defendant was to reimburse himself for whatever sums were due and coming to him from the tenants, and that it was only such balance thereof after such payment to defendant that defendant guaranteed to pay to plaintiffs, and that there was in fact no such balance He asked to have the contract of guaranty reformed so as to thus express the true meaning of the parties.

Thereafter the action was transferred to the equity docket, and upon its preparation was submitted to the court.

The court declined to reform the contract of guaranty for the reason that the evidence was not of such nature as to authorize it, and still being of opinion that the guaranty was an absolute one entered a judgment against defendant.

In the light of the conditions named the guaranties were absolute, and we find no reason to differ from the chancellor below in his ruling that the evidence did not authorize the reformation.

Judgment affirmed.