## Kennoy v. Cannon et al.

(Decided May 5, 1931.)

W. J. BAXTER for appellant.

L. SAUNDERS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal brings here for review the judgment of the circuit court dismissing the appellant's petition. The action was instituted to set aside an alleged fraudulent conveyance. The record is made up of the "second

amended and substituted petition, substituted answer of Esther Cannon, motion to submit, order of submission, depositions and judgment.'' The allegations of the substituted petition are that the conveyance which is attacked was executed and delivered by the father and mother to their 22 year old daughter, without consideration, with intent to delay, hinder, and defraud the creditors of the father, J. W. Kennoy, including the appellant, Frank Kennoy. The answer traverses its allegations, and avers that the consideration for the deed ''was the assumption'' by her of a debt due by the father to the Jessamine County Building & Loan Association of $2,000, dated September 11, 1922, secured by mortgage on the lot conveyed and ''the assumption'' of his debt to the Citizens' Bank of Jessamine county for the sum of $875.90, also secured by lien on the property conveyed. It is further alleged that the father was at the date of the alleged fraudulent deed a bona fide housekeeper, residing with his family and occupying the property as his homestead, and, as such housekeeper, he, at the date of the conveyance to his daughter, was entitled to a homestead of the value of $1,000 in it. These allegations are not denied or otherwise controverted, as it appears from the record.

Considering, without determining, that the deed was executed by the father and mother without any further consideration than the assumption of these two debts secured by the mortgages on the property conveyed, if it was their homestead at the time, as it is alleged in the answer, the fact that the deed was intended by both the vendors and the vendee, to defraud his creditors, in so far as it conveyed the homestead, it was valid against his creditors. A debtor cannot fraudulently convey his homestead. We have so often enunciated and applied this rule in so many cases that we deem it unnecessary to cite authorities in the present one. However, we will state that, beginning in the year 1869, with the case of Lishy v. Perry, 6 Bush, 515, and in a large number of subsequent cases, and as late as the year 1928 in the case of Farmers' & Merchants' Bank of Elkton v. Bagby et al., 223 Ky. 29, 2 S. W. (2d) 1033, we have reiterated it. In his deposition the appellant, Frank Kennoy, fixes the value of the property involved at $3,500. Accepting his valuation as correct, it will be observed that, by adding the amount of the mortgage debt of $2,-000 of the Jessamine County Building & Loan Associa-

tion, the mortgage debt of $875.90 of the Citizens' Bank of Jessamine county, which the daughter assumed, and the $1,000 homestead of the father, we have the sum of $3,875.90, an amount in excess of his valuation of the property conveyed by the deed which is alleged to be fraudulent. If the conveyance were to be set aside and the property sold, the lien debts would have to be paid first out of the proceeds, and the daughter would be entitled to be allowed the value of the homestead of $1,000, before the appellant would be entitled to receive anything on the debt sued on. Walters v. Akers et al., 101 S. W. 1179, 31 Ky. Law Rep. 259; Farmers' & Merchants' Bank v. Bagby, supra, and cases cited. Viewing the case in the light of these authorities and the proven facts, the deed attacked did not convey property owned by the father, which in law was subject to the appellant's debt. Therefore his case does not fall within the purview of sections 1906 and 1907, Ky. Statutes.

The judgment is affirmed.