### Rassenfoss v. Dicter et al.

(Decided Jan. 18, 1935.)

L. D. GREENE and JOSEPH E. CONKLING for appellant.

LAWRENCE S. GRAUMAN for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This action was commenced by the filing of a petition and affidavit for attachment for rent by the appellees, Dicter and Wasserman, against the appellant,

Rassenfoss, on January 27, 1933. The attachment was returned to the circuit court, and the action thereafter proceeded in that court.

Appellant filed an answer and counterclaim on February 18, 1933. Thereafter, on April 29, 1933, the lower court sustained a demurrer to the second paragraph of appellant's answer. Appellant thereupon filed an amended answer and counterclaim, to which appellees filed a reply, and on June 5, 1933, on motion of the plaintiffs, the action was assigned to October 25, 1933, for trial.

On October 13, 1933, plaintiffs filed an amended petition, setting out that the premises involved had been re-let and allowing a credit against the amount of their claim for the rent received from their new tenant. On October 25, 1933, the day the case was assigned for trial, defendant offered an answer to this amended petition, which the court permitted him to file.

On the same date, October 25, 1933, defendant tendered a second amended answer, alleging for the first time that he had been induced to enter into the lease through the fraudulent concealment of certain defects in the premises by the plaintiffs. The court refused to permit him to file this second amended answer, and at the request of his counsel, the case was passed to November 1, 1933, for trial.

On November 1, 1933, appellant tendered a third amended answer in the same terms as the second amended answer, except that he also alleged an eviction from the premises. The court refused to permit the filing of this answer also.

The case was tried, law and facts, by the court, the appellant introducing no testimony, and the court entered judgment for the full amount claimed by the plaintiffs.

The appellant filed a motion and grounds for new trial, based on the refusal of the court to permit the filing of the second and third amended answers. The court overruled the motion, and the case was thereupon appealed to this court.

The only question necessary for our consideration is whether or not the lower court acted within the bounds of a reasonable discretion in refusing to permit

the filing of the second and third amended answers.

These answers were tendered, without explanation for the delay, on the dates when the case was assigned for trial, one on October 25, 1933, and the other on November 1, 1933. They each made a substantial change in the nature of the defense—for the first time introducing a claim of fraud. The issues had been made up and the case assigned for trial more than four months.

We think that the case is controlled by the decisions of this court in the cases of City of Louisville v. Lausberg, 161 Ky. 361, 364, 170 S. W. 962; and Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509.

It is at least doubtful, furthermore, whether or not these amended answers presented a defense had the court permitted them to be filed; but we do not find it necessary to examine this question.

The action of the trial court was certainly not a manifest abuse of discretion.

Judgment affirmed.