## Taylor v. Payne.

Dec. 16, 1938.

G. R. BLACKBURN for appellant.

O. T. HINTON for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellant, J. W. Taylor, signed a writing in which he agreed to reimburse the First National Bank of Stone, Kentucky, for any loss which it might sustain by reason of its discounting a note for $1,000 executed by Lawrence Alexander to T. J. Taylor and indorsed by Sam Alexander, Hattie Alexander and T. J. Taylor. The note was executed on August 13, 1927, and was payable in four months. It was reduced in amount and renewed from time to time; the principal being $690 when last renewed. This renewal was dated December 9, 1930, and was payable four months after date. The writing signed by J. W. Taylor, guaranteeing the note when it was discounted by the Bank in August, 1927, is as follows:

"August 15, 1927.

"First National Bank

"Stone, Kentucky.

"Gentlemen:

"I hereby bind myself, my heirs, and my assigns, to reimburse the First National Bank of Stone, Kentucky, for any loss which may occur by reason of the said bank's discounting a $1,000.00 note signed by Lawrence Alexander, endorsed by Sam Alexander and Hattie Alexander and T. J. Taylor, dated August 13, 1927. If the above note is not paid by the makers and endorsers I bind myself to retire it in full, together with all interest which may be due thereon.

"It is understood that the above agreement covers any renewals, in full or in part.

"Signed    J. W. Taylor
"Witness, (Signed) J. A. Newton."

The Bank of Stone became insolvent and ceased to operate in 1931. Appellee, O. F. Payne, was appointed receiver for the bank in 1931 as successor to the first receiver. Appellant made a settlement with the receiver covering certain of his obligations to the bank, but not

including the note and writing in question. It appears that at the time the settlement was made appellant denied liability on the note, and it was laid aside, the writing guaranteeing payment of the note having been misplaced. The guaranty agreement was later located, and on February 3, 1936, an action was filed against Lawrence Alexander, Hattie Alexander, Sam Alexander and J. W. Taylor, the appellant. The original of the writing was not filed with the petition, and on March 4, 1936, appellant filed a motion to require the appellee to file it and the note sued on. On the 13th day of March, the original writing, which was copied in the petition, and the note, were produced and filed by the appellee, and he was given leave to withdraw same from the record for safekeeping, subject to the inspection of appellant or his counsel.

On the 20th day of July, 1936, appellant filed a separate answer and cross petition denying the execution of the writing guaranteeing payment of the Alexander note. He further denied that Lawrence Alexander, Hattie Alexander and Sam Alexander were insolvent, as alleged by appellee in his petition. In the second paragraph of his answer, to which a demurrer was later sustained, he claimed that (1) the note was not protested when due, and he was given no notice thereof, or of the non-payment or dishonor; (2) the note was negotiated at the bank before the writing sued on was alleged to have been executed and was thereby placed upon the footing of a bill of exchange, and more than five years had elapsed before the filing of the action, thereby making the note and the writing barred by the statute of limitations of five years (Kentucky Statutes, section 2515); (3) more than five years had elapsed after the execution of the renewal note sued on, and before the filing of the action, before any effort was made by appellee to collect the same from the maker or indorsers, and no steps were taken to reduce the bank's claim to judgment and have an execution issued thereon, and to thus secure collection of the note; (4) there was no consideration for the writing sued on; (5) the bank failed to give appellant any notice of the acceptance of the note; and (6) under a settlement of other accounts with the bank it agreed to and did waive its rights to collect upon the writing sued on.

On the day the demurrer was sustained to the sec-

ond paragraph of appellant's answer, he filed an amended answer in which he again claimed that the settlement made with the receiver covered all of his obligations to the bank, including the writing guaranteeing payment of the Alexander note. On the trial appellant admitted that he signed a writing guaranteeing the Alexander note, but stated that the writing had been altered since he signed it by the addition of the last paragraph thereto, which reads: ''It is understood that the above agreement covers any renewals, in full or in part.''

J. A. Newton testified that he prepared the statement guaranteeing the note, which was signed by J. W. Taylor, on August 15, 1927, and that the last paragraph was included in the writing when it was signed by Taylor.

At the conclusion of the evidence offered in the case Taylor tendered and offered to file another amended answer in which he admitted signing the writing guaranteeing the note, but claiming that it had been materially altered, modified and changed, without his knowledge or consent and against his will, after he signed it. The amended answer further stated that appellant knew at the time he signed the writing that the maker of the note was purchasing an automobile with the money obtained on it, and that he believed at the time that the automobile at the end of the four months' period of the note would be sufficiently valuable to pay the same, and that he would not have signed the writing if he had not so believed. The appellee objected to the filing of the second amended answer, which objection was sustained by the court.

The court refused to give the instructions offered by appellant to the jury, and gave a peremptory instruction in favor of appellee in the amount of $889.18. Judgment was entered on the verdict directing that appellee recover from appellant the sum of $889.18, with interest from February 1, 1936. It was further adjudged that appellee recover of the defendants, Lawrence Alexander, Hattie Alexander and Sam Alexander, who failed to answer, the sum of $889.18, with interest thereon from February 1, 1936, and that the cause be continued upon the cross petition of appellant against the co-defendants, Lawrence Alexander, Hattie Alexander and Sam Alexander. Only J. W. Taylor appeals.

Appellant insists that (1) the court erred in not submitting to the jury the question as to whether the writing sued on had been materially altered after it was signed by Taylor; (2) the note was barred by the statute of limitations, since it had been placed upon the footing of a bill of exchange by its negotiation at the bank, and more than five years having elapsed after the due date thereof; (3) the acceptance of a renewal note after the due date of the original note without the consent of the indorsers operates to relieve them of liability for payment; and (4) the court erred in refusing to permit appellant to show the solvency of the other defendants when their solvency was alleged in the petition.

In view of the circumstances in this case, we are of the opinion that the trial court did not err in refusing to permit the second amended answer to be filed. It was tendered on July 21, 1936, at the conclusion of the evidence offered by both parties. The original of the writing sued on was filed in court on motion of appellant on March 13, 1936. He had an opportunity to inspect it at that time and thereafter. In his answer and cross petition he denied signing a writing guaranteeing payment of the Alexander note, and it was not until he testified in the case that he admitted signing any such writing and raised the question of alteration. Under the circumstances, we are of the opinion that the trial court acted within its discretion under section 134 of the Civil Code in refusing to permit the second amended answer to be filed when offered. See Rassenfoss v. Dicter, 257 Ky. 356, 78 S. W. (2d) 25; Equitable Life Assurance Society of United States v. Meuth, 145 Ky. 160, 140 S. W. 157, Ann. Cas. 1913B, 661; Bullock v. Young, 252 Ky. 640, 67 S. W. (2d) 941. Furthermore, we are of the opinion that the giving of the peremptory instruction by the court in favor of the appellee was not prejudicial to appellant's substantial rights. Only one witness besides appellant testified that the writing had been altered, while Newton, who prepared the writing for appellant's signature, stated that no alteration had been made. Other conditions likewise support the testimony of Newton that no alteration was made in the writing guaranteeing payment of the Alexander note after it was signed by Taylor.

The guaranty agreement provided: "If the above note is not paid by the makers and indorsers, I bind my-

84

self to retire it in full, together with all interest which may be due thereon.'' It was further stated in the writing that it was understood that the agreement covered renewals of the note in full or in part. The guaranty agreement, therefore, as shown on its face, was an absolute and not a conditional guarantee. It was not necessary that notice be given Taylor when the note or the renewals became due. Conn v. Atkinson, 227 Ky. 594, 13 S. W. (2d) 759; Marshall v. Hollingsworth, 166 Ky. 190, 179 S. W. 34.

Furthermore, in view of the nature of the agreement, it was not necessary that the receiver proceed first against the makers and indorsers of the note before proceeding against J. W. Taylor in the event of its nonpayment. Pulaski Stave Company v. Miller's Creek Lumber Company, 138 Ky. 372, 128 S. W. 96; Galbraith v. Shores-Mueller Company, 178 Ky. 688, 199 S. W. 779; Bank of Blaine v. Hanshaw, 255 Ky. 825, 75 S. W. (2d) 529. The court did not err, therefore, in disregarding the allegation in the petition relative to the insolvency of the makers and indorsers of the note.

We have noted that the last renewal note in the sum of $690 was executed December 9, 1935. It was payable four months after date, April 9, 1936. The action was filed February 3, 1936, and within five years of the due date of the last renewal note. The five year limitation period would not have started until after April 9, 1936. Alexander v. West, 241 Ky. 541, 44 S. W. (2d) 518; Gould v. Bank of Independence, 264 Ky. 511, 94 S W. (2d) 991.

Therefore, for the reasons given herein, the judgment of the lower court should be, and it is, affirmed.