Eugene ALVEY and Wanda Alvey, his wife, appellants,

v.

UNION INVESTMENT, INC., and James Bradshaw and Betty Bradshaw, Appellees.

UNION INVESTMENT, INC., Cross-Appellant,

v.

Eugene ALVEY and Wanda Alvey, Cross-Appellees.

Court of Appeals of Kentucky.

May 31, 1985.

Rehearing Denied July 19, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Oct. 23, 1985.

James F. Dinwiddie, Leitchfield, for appellants/cross-appellees.

Jerry W. Guffey, Leitchfield, for appellee/cross-appellant (Union Investment, Inc.)

Before COMBS, HOWARD and LESTER, JJ.

HOWARD, Judge.

This is an appeal from a judgment holding the appellants, Eugene and Wanda Alvey, liable as guarantors of a note.

On September 22, 1978, the appellants, Eugene and Wanda Alvey, sold appellees, James and Betty Bradshaw, a business consisting of a motel with an apartment for the owner, restaurant, grocery with gasoline pumps, and boat storage sheds in Grayson County for $110,000. The Bradshaws obtained a loan for the entire amount from the appellee, Union Investment, Inc., at 18% interest. The Alveys signed a limited guaranty agreement pledging $45,000 as security in case of a default by the Bradshaws. This was to be used only after Union exhausted all legal remedies against the Bradshaws. In addition to the Grayson County property, equipment and inventory, the Bradshaws put up property in Jefferson County and Hardin County as collateral.

The first installment was due on the loan in November of 1978, but was not made until January 17, 1979. On January 21, 1980, Union Investment notified the Bradshaws of further payment defaults and Union's intention to foreclose on the collateral unless some satisfactory arrangements were made for payment. Union Investment filed suit against the Bradshaws on April 2, 1980; however, the appellants were not yet parties.

On April 21, 1980, Union Investment entered into a written agreement with the Bradshaws which provided that Union would not foreclose if the Bradshaws agreed to make full payment beginning in April of 1980. Subsequently, in October of 1980, Union verbally agreed with the Bradshaws to accept payments 50% smaller than called for in the original loan. The Bradshaws stopped making these payments in January of 1981. In February of that year, they made a second written agreement with Union in which Union promised not to pursue litigation and Bradshaws promised to make reduced payments. The Alveys did not consent to any of these agreements.

Finally, on July 25, 1981, Union Investment obtained a judicial sale of the Grayson County property. However, the other property offered as collateral by the Bradshaws was already encumbered and was not available to reduce the debt of the Bradshaws. The Hardin County property was sold in October of 1982, with all the proceeds going to reduce a 1976 loan owed to Union. The Jefferson County property was subject to a prior mortgage and then served as collateral for Union's 1976 loan. Thus, when that property was sold, much of its selling price went to cover the prior mortgage and the remainder to decrease the debt on the 1976 loan.

A trial was conducted and on July 30, 1984, the Grayson Circuit Court ordered the $45,000 be paid to Union. Further, the interest accrued on this sum was ordered to be paid to the Alveys.

The Alveys contend that they were discharged as guarantors because Union fraudulently induced them to enter into the guaranty agreement. The Alveys' argument is that Union had a duty to disclose the existence of the 1976 loan and the encumbrances on the additional collateral. To support their position, the Alveys cite *Peoples State Bank v. Hill,* 210 Ky. 222, 275 S.W. 694 (1928). In that case, however, a cashier for the bank admitted he misrepresented the true facts to the guarantors of a loan. In the present case, no clear evidence exists to show misrepresentation by Union. Alveys also cite *Kentucky Electric Development Companies Receiver v. Head,* 252 Ky. 656, 68 S.W.2d 1 (1934), in which the sales agent for a corporation sold worthless stock to a seventy-year-old widow who was in poor mental and physical health. The Court ruled that the agent had committed fraud and ordered recision of the contract. In the present case, the Alveys are business people who were represented by counsel when they signed the guaranty in 1978.

■ The party alleging fraud has the burden to establish it by clear and convincing evidence. *Wahba v. Don Corlett Motors, Inc.,* Ky.App., 573 S.W.2d 357 (1978). The trial court concluded, on the basis of conflicting evidence in the record, that the Alveys did not sustain their burden. A trial court's finding of fact should not be overturned on appeal unless it is clearly erroneous. CR 52.01. Therefore, we must agree that no fraud or misrepresentations by Union were established.

■ The Alveys also contend they were discharged as guarantors because Union agreed to suspend its foreclosure rights without consent of the Alveys. The oral and two written agreements in which Union agrees not to sue the Bradshaws if they agreed to meet reduced payments as argued by the Alveys, are sufficient to discharge them under KRS 355.3-606(1).

KRS 355.3-606 provides that:

(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder

(a) without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharges such person....

■ The purpose of a provision like KRS 355.3–606 is to prevent the principals to a note or other agreement from increasing risks of liability to a guarantor or other accommodation party. This increased exposure to liability can most easily be seen in a grant by the lender of an extension of time for payment on a note to a borrower. However, a guarantor's risk may be increased in other ways. For example, in a recent case, *Nunnelley v. Herndon*, Ky. App., 685 S.W.2d 206 (1985), acceptance of interest only payments by the holder without the accommodation party's consent was held to be a suspension of enforcement of the note sufficient to discharge the accommodation party under KRS 355.3–606(1)(a).

In the instant case, the acceptance of reduced payments had the effect of increasing the likelihood that the Alveys' pledge would be reached. As Union entered into the agreements with the Bradshaws, the value of the property in Grayson County was declining. Thus, as time passed, the property's value declined, the likelihood that sale of that property would be sufficient to cover the note was also declining. Admittedly, Union may have been unaware of the drop in the property's value, but its action nevertheless increased the likelihood that the Alveys' pledge would have to be tapped to cover the note without their consent.

■ Union argues that for an accommodation party to be discharged under KRS 355.3–606(1)(a), any agreement altering the underlying obligation between the principals must be valid and binding and that the instant agreements are not binding because of a lack of consideration. The appellee is correct in stating that such agreements require considerations to be valid and thus become grounds for dis-

charge of a guarantor. *Marshall v. Hollingsworth*, 166 Ky. 190, 179 S.W. 34 (1915). However, the 1978 agreement, in event of default, gave Union the option to demand payment of the unpaid balance and obviously Union could bring suit to enforce that right. Clearly, the forbearance of a right to sue is valid consideration to support a promise. *Cooke v. Louisville Trust Company*, Ky., 380 S.W.2d 255 (1964).

Because we have ruled that the Alveys were discharged under KRS 355.3–606(1)(a), we deem it unnecessary to discuss the Alveys' argument of discharge pursuant to KRS 355.3–606(1)(b).

The Alveys also claim joint and several liability against Union and the Bradshaws for any losses to the $45,000 pledge. Because we have ruled that Union must return the Alveys' pledge, that issue is no longer in question.

■ Union cross-appeals alleging the trial court's ruling that all interest on the $45,000 pledge be paid to the Alveys is in error. The basis of Union's claim is under a provision of the guaranty that the Alveys' pledge would be charged against them when Union exhausted its remedies against the Bradshaws. Because Union breached that guaranty agreement, this provision is inapplicable and thus, it would be inequitable to reward Union with the interest for breach of the agreement.

The judgment on appeal is reversed and same is affirmed on the cross-appeal.

All concur.