CASE 111—ACTION ON A CONTRACT OF GUARANTY—MARCH 7.

# Yager v. Kentucky Title Co.

APPEAL FROM JEFFERSON CIRCUIT COURT. CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

GUARANTORS—RIGHT TO SUE AT ONCE UPON DEFAULT OF PRINCIPAL— FAILURE TO SUE PRINCIPAL WITH DILIGENCE.

Held: The holder of a bond for the payment of money upon which an unconditional guaranty of the payment of the principal and interest was indorsed was entitled at once upon the default of the principal to look to the guarantor for payment of the debt, and therefore the guarantor was not released by want of diligence in suing the principal.

McDONALD & McDONALD, FOR APPELLANT.

This is an appeal from a personal judgment against appellant for $438 upon his alleged liability, upon the guaranty endorsed upon four lien notes for $500 each given September 2, 1897, by Henry Gauss and wife to appellee due in one, two, three and four years, from date, respectively. The language of said in-

Yager v. Kentucky Title Co.

dorsement is as follows: "I hereby guaranty the payment of the principal and interest of the within bonds at maturity, September 7, 1897. (Signed) W. J. Yager."

This action was brought by appellee against Yager, Gauss and wife, and a subsequent purchaser of the property to enforce the lien for the notes and also to obtain personal judgment against Yager.

The appellant claims that he is not primarily liable, and that appellee should have proceeded at once against Gauss and wife and by the delay of four months in bringing his suit appellant is released.

## POINTS AND AUTHORITIES.

1. One who signs a guaranty endorsed upon a promissory note is not primarily liable upon said note, and can not properly be joined in an action against the maker of the note. Amer. & Eng. Ency. of Law, vol. 9, page 68; Marshall v. Peck, 1 Dana, 609; Yeates v. Walker, 1 Duvall, 84.

2. One who guarantees the payment of a note when due, is discharged from liability by the failure of the holder to sue the principal for more than four months after default was made, and after the guarantor requested such suit. Such guarantor is discharged by the laches of the holder of the note, in failing to sue for more than four months after default of the principal, in consequence of which the principal is enabled to dispose of his estate and remove from Kentucky. Heralson v. Mason, 53 Mo., 211; Brandt on Suretyship and Guaranty, vol 1, art. 101; Amer. & Eng. Ency. of Law, 2d ed., page 1154; Getty v. Schantz, 100 Fed. Rep., 577; Brandt on Suretyship and Guaranty, section 100; Baylies on Sureties and Guarantors, page 223; Baylies on Sureties and Guarantors, page 139; Remsen v. Beekman, 25 N. Y., 552; Craig v. Parkis, 440 N. Y., 181; McMurray v. Noyes, 72 N. Y., 522; French v. Marsh, 29 Wis., 649; Clark v. Merriam, 25 Conn., 576, Randolph on Commercial Paper, sections 891, 893; Farrow v. Respess, 11 Ired. Law (N. C.) 170.

POPE NICHOLAS, ATTORNEY FOR APPELLEE.

The grounds relied on by appellant to defeat recovery are, in effect, that he was released from liability as guarantor because of failure on the part of appellee to use due diligence in collecting the debt from the principal in the obligations, and to sue the principal when requested and save the resultant damage to appellant.

We claim that the liability of the guarantor exists as soon as his default occurs, and he may be sued at once. In this case the

liability of the guarantor, under the contract, occurred at the maturity of the notes respectively, and he then became liable to. an action therefor. He can not complain of appellee's failure to sue the payors sooner, because all of the omissions complained of occurred after the accrual of appellant's liability. The foreclosure of the vendor's lien .became a necessity only because of appellant's failure to stand by his contract.

### AUTHORITIES CITED.

Yeates v. Walker, 1 Duvall, 84; Brandt on Suretyship and Guaranty, &c., sec. 86; A. & E. Ency. of Law (2d ed.) vol. 14, page 1141.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

On the 2d of September, 1897, the appellant, W. J. Yager, sold and conveyed to Lola M. Gauss certain real estate in Louisville in consideration of the execution by her of four bonds for $500 each, due in one, two, three and four years, respectively, which were made payable to the Kentucky Title Company or bearer, and which bore interest at the rate of six per cent. per annum, payable semi-annually; and to secure the payment of each of the bonds a lien was retained in the deed upon the property. These bonds were transferred by Yager to the Kentucky Title Company, with this indorsement: "I hereby guaranty the payment of the principal and interest and of the within bond at maturity. Sept. 2, 1897. W. J. Yager." It was provided by the deed that, if Lola M. Gauss failed to pay any one of the bonds when it became due, the holder of such overdue bond or coupon might declare all the bonds secured by the deed to be immediately due and payable. In January, 1899, the title company instituted this suit, in which it alleges that none of the bonds or interest thereon had been paid since the 2d of March, 1898, and asked for a personal judgment against the payor, and also against W. J. Yager upon his indorsement, and for an enforcement of its lien. The appellant, Ya-

ger, answered that he was only a guarantor on the bonds, and that he had been released from all liability by the failure of the title company to institute suit for more than four months after the principal obligors had defaulted in payment, although he alleged he notified it that he would not consent to any indulgence upon the bonds. The trial court overruled a general demurrer to this answer, and the title company replied, denying the alleged negligence, or that Yager had ever notified it to institute suit against the principal obligors on the bond; and it also denies that, if suit had been instituted, the amount could have been made out of the principal obligors, or that the appellant was prejudiced by such failure. The chancellor held Yager liable upon his contract of guaranty because the proof failed to show that he was damaged by reason of the title company's failure to sue promptly, and, the proceeds of the property being insufficient to pay the lien debts, gave the title company a personal judgment against him for the deficit of $673.93, with interest and cost; and from this judgment appellant appeals.

We do not deem it important to consider the proof introduced upon the trial of the case, as, in our opinion, the answer of appellant did not state facts sufficient to support a defense, and the chancellor erred in overruling the demurrer filed thereto. "A guaranty is either absolute or conditional. An absolute guaranty is an unconditional promise of payment or performance on default of the principal. To bind the guarantor, it is not necessary that there should be notice of acceptance of the guaranty and default of the principal, or that any steps should be taken to enforce the contract guarantied against the principal. The guarantee may proceed against the guarantor at once on default of the principal. The guarantor's liability is

dependent upon the same rules of law by which the liability of one who has broken his contract is determined. A guaranty is conditional when there is some extraneous event beyond the mere default of the principal by which the guaranty becomes binding. Liability does not attach immediately upon nonpayment or non performance by the principal. In general it is necessary to fix the liability of the guarantor that there should be notice of the guaranty and notice of the principal's default, and reasonable diligence in exhausting reasonable remedies against the principal. The most usual form of absolute guaranty is a promise to pay the debt at maturity if not paid by the principal debtor, and the guarantee may bring an action on default of payment at the date named against the guarantor." See Am. & Eng. Ency. Law, 1141. Brandt. Sur. p. 119, section 86, says: "When the terms of a guaranty of payment fix the time within which the payment shall be made, if the payment is not made within the time prescribed, there is a breach of guaranty, and no steps need be taken against the principal, nor need his insolvency be shown, to charge the guarantor." See numerous cases cited in notes to support text. Yeates v. Walker, 1 Duv., 84, the payee of a note assigned it in the following words: "For value received, I assign this note to Owen W. Walker, and, if not paid, I bind myself to pay it." The assignee instituted a joint action against the payors and the assignor. Judgment was rendered by default against the assignor. Upon appeal he sought to reverse the judgment upon the ground that the petition failed to show that the appellee had sued the payors of the note, and had been unable to coerce the payment of the debt from them. The court held that, if the assignment was made before the maturity of the note, the assignor's liability accrued at its maturity. And in Thompson v.

Glover, 78 Ky., 195, 39 Am. Rep., 220, this court said: "Where the whole transaction is of such a nature as to give the guarantor full information as to his liability, and the agreement to accept is contemporaneous with the guaranty, and was the consideration therefor, all the parties being privy to the whole transaction, no specific notice is necessary." The guaranty in this case was an absolute undertaking on the part of appellant, Yager, to pay the principal and interest of the bonds at the maturity thereof, and the title company had the right to look to the appellant, as guarantor, for the payment of its debt, immediately upon the default of the principal. As this is the effect of the judgment appealed from, it is affirmed.