## Hazel v. McCullough, et al.

(Decided June 8, 1920.)

### Appeal from Logan Circuit Court.

1. Limitation of Actions—Action on Written Contract—Bills and Notes—Period of Limitation as to Notes Placed Upon the Foot-

ing of a Bill of Exchange.—Under Kentucky Statutes, section 2515, an action on a promissory note placed upon the footing of a bill of exchange must be commenced within five years next after the cause of action accrued.

2.  Bills and Notes—When Note is Placed on the Footing of a Bill of Exchange.—The negotiation of a negotiable note before maturity places it upon the footing of a bill of exchange.

3.  Limitation of Actions—Effect on Lien of Bar of Debt.—Where a debt is barred, the lien by which it is secured is also barred.

4.  Limitation of Actions—Who May Plead Against the Enforcement of a Lien.—In an action to recover on purchase money notes and to enforce a vendor's lien, a purchaser of the land from the vendee may plead the statute of limitations against the enforcement of the lien, although the debtor declined to do so.

BROWDER & BROWDER and MIRIAM O. STEVENSON for appellant.

S. R. CREWDSON and J. J. SWEENEY for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On June 6, 1906, J. W. Cottrell and wife, by deed which was recorded on June 19, 1906, conveyed to D. N. Combs certain land located in Logan county. The consideration was $500.00 cash and three notes of D. N. Combs for $291.66 2/3 each, payable to the order of J. W. Cottrell and due in two, four and six months after date, and secured by a lien on the land conveyed. In due course, for value and before their maturity, the notes were sold and transferred to the Owensboro Savings Bank & Trust Company, and were afterwards purchased by W. S. Hazel.

On July 29, 1907, D. N. Combs and wife conveyed the land to J. S. Cottrell, who in turn sold the land to J. W. McCullough on January 24, 1913, for a consideration then paid in full. Neither Cottrell nor McCullough assumed the payment of the notes in question, and since its purchase, McCullough has been in possession of the land.

Hazel brought suit against D. N. Combs, the maker of the notes, to recover on the notes and to enforce his vendor's lien. Combs made no defense. In addition to a personal judgment against Combs, plaintiff was awarded a lien on the land and the land was ordered sold. The judgment directing a sale of the property was afterwards set aside, and an amended petition filed mak-

ing J. W. McCullough a party defendant, McCullough answered and pleaded the five year statute of limitations. His plea was sustained, and it was adjudged that plaintiff has no lien on the land. Plaintiff appeals.

Under our statute, an action upon a promissory note, placed upon the footing of a bill of exchange, must be commenced within five years next after the cause of action accrued. Section 2515, Kentucky Statutes; Southern National Bank v. Schimpler, 160 Ky. 813, 170 S. W. 178. The notes in question were not only negotiable, but were actually negotiated before their maturity, and were therefore placed upon the footing of a bill of exchange. As the suit was not brought within five years after the notes matured, they were barred by limitation, and that being true, the lien by which they were secured was also barred. Tate v. Hawkins, 81 Ky. 577; Mc-Cracken County v. Mercantile Trust Co., 84 Ky. 344; Ewell v. Daggs, 108 U. S. 143, 27 L. Ed. 682. Indeed, the foregoing rules are conceded by counsel for appellant, but it is insisted that they are not applicable to the facts of this case because the plea of limitation is a personal one, and as Combs, the debtor, did not rely on the statute, McCullough, his vendee, cannot rely on it. In the case of Lord v. Morris, 18 Cal. 482, Chief Justice Field used the following language:

"But it is said that the plea of the statute is a personal privilege of the party and cannot be set up by a stranger. This, as a general rule, is undoubtedly correct with respect to personal obligations, which concern only the party himself, or with respect to property which the party possessed the power to charge or dispose of. But with respect to property placed by him beyond his control or subjected by him to liens, he has no such personal privilege. He cannot at his pleasure affect the interests of other parties. His grantees or mortgagees, with respect to the property, stand in his shoes, and can set up any defense that he might himself have set up to the action, either to defeat a recovery of the property or its sale."

This view has been generally adopted by the courts, 17 R. C. L., sec. 331, p. 963, and prevails in this state. Tate v. Hawkins, `supra`; Duvall v. Parepoint, 168 Ky. 11, 181 S. W. 653. It follows that the court did not err in sustaining McCullough's plea of limitation.

Judgment affirmed.