## Conn v. Atkinson et al.

(Decided January 29, 1929.)

E. C. O'REAR, ALLEN PREWITT and I. G. MASON for appellant.

COLEMAN TAYLOR and E. J. FELTS for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing in part and affirming in part.

E. P. Conn sued Eugene Atkinson, Frank Barker, R. C. Dockins, and J. B. Dockins to recover a personal judgment on seven promissory notes of $100 each, and to enforce a vendor's lien on land located in Logan county. The notes were alike, bore the same date, were payable one each year beginning January 1, 1921, and contained an acceleration clause if not paid within 30 days after maturity. They were executed and delivered by Eugene Atkinson to Frank Barker as part of the consideration for a conveyance of land, and a vendor's lien was retained in the deed to secure payment of the notes. Barker transferred the notes by indorsement to R. C. Dockins. Thereafter and before maturity of any of the notes, R. C. Dockins sold them to E. P. Conn, who required R. C. Dockins and J. B. Dockins to guarantee payment, and they placed upon each of the notes the following indorsement: "I assign the within note to E. P. Conn and guarantee payment of same. R. C. Dockins. J. B.

Dockins.'' Each note filed with the petition bears six separate credits of interest payments made annually and including January 1, 1925. A. N. Fagg was made a party and alleged to have some interest in the land, but it does not appear in the record what the interest was or when it was acquired by him. It is said in the briefs that he bought the land and assumed payment of the debt secured by the lien thereon. He filed no pleading. The land was subjected to the plaintiff's debt, but did not bring enough to pay it. The question now presented is the liability of the various other defendants for the balance due on the notes.

Separate answers were filed by the several defendants, but substantially the same defenses were presented. They relied mainly upon the failure to give notice of dishonor and nonpayment of the notes when the first default occurred, and that the action was barred by the statute of limitations of five years. The court dismissed the action, and Conn has entered a motion for an appeal.

The several appellees have filed a joint brief, insisting that the judgment below should be affirmed, because no notice of dishonor or nonpayment of the notes was given any of the defendants, and that the negotiation of the notes before maturity placed them upon the footing of bills of exchange, and, the notes having been due for more than five years before the suit was filed, the action was barred by the statute of limitations. Ky. Stats., sec. 2515.

Frank Barker was the only one of the defendants who was an indorser of the paper. Atkinson was the maker of the notes, and the other two defendants were absolute guarantors of payment. Atkinson, as the maker of the notes, was primarily liable to Conn, and, so long as the maker was not discharged from liability, the guarantors remained bound by their contract. Ky. Stats., secs. 3720b-190, 3720b-191; McGowan v. Wells' Trustee, 184 Ky. 772, 213 S. W. 573; Marshall v. Hollingsworth, 166 Ky. 190, 179 S. W. 34; Yager v. Ky. Title Co., 112 Ky. 932, 66 S. W. 1027, 23 Ky. Law Rep. 2240.

It is well settled that notice of dishonor or nonpayment is not required to be given to the makers or guarantors of a promissory note. Ky. Stats., secs. 3720b-89, 3720b-60. The only requirement as to notice is that, where a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must

be given to the drawer and to each indorser, except as otherwise provided in the Negotiable Instruments Act, Ky. Stats., sec. 3720b-89. Section 3720b-114 provides when notice of dishonor is not required to be given to a drawer, and section 3720b-115 provides when such notice need not be given to an indorser. Section 3720b-109 provides that the notice may be waived in the manner defined in sections 3720b-110 et seq. There is no provision of the statutes requiring notice of dishonor to the makers or guarantors of negotiable instruments, and such duty is purely statutory. As to Frank Barker, however, the point is well taken. He was only an indorser of the note (Ky. Stats., sec. 3720b-63; Brown v. Crofton, 76 S. W. 373, 25 Ky. Law Rep. 753; Farmers' Bank & Trust Co. v. Dent, 206 Ky. 405, 267 S. W. 202; First National Bank v. Bickel, 154 Ky. 11, 156 S. W. 856; Frazee v. Phoenix Nat. Bank, 161 Ky. 175, 170 S. W. 532), he was not within any of the exceptions to the requirement for notice specified in section 3720b-115, Ky. Stats., and it was not waived in the body of the note or otherwise. The petition contains no allegation that notice of dishonor or nonpayment was given to Barker. Barker pleads affirmatively that notice was not given to him, and the allegation is traversed. It has been held, however, that, in order to state a cause of action against an indorser of a note, a petition thereon must aver facts showing the liability of the indorser, including the giving of notice of dishonor or nonpayment. Hoyland v. National Bank of Middlesborough, 137 Ky. 682, 126 S. W. 356; First National Bank v. Bickel, 143 Ky. 754, 137 S. W. 790.

As neither the pleading nor the proof showed compliance with the statute, it necessarily follows that the judgment of the lower court, as to Frank Barker, was correct.

It is argued for the appellees that the precipitation provision in the notes rendered all the notes of the series due on the first default; that the first note was due on January 1, 1921, and, since it was not paid within 30 days, all the remaining notes became due; and, inasmuch as all the notes had been negotiated before maturity and placed upon the footing of bills of exchange, the statute of limitations of five years applied. Ky. Stats., sec. 2515. Hazel v. McCullough, 188 Ky. 419, 222 S. W. 100; Southern National Bank v. Schimpeler, 160 Ky. 813, 170 S. W. 178. It is further argued that the payment of interest

annually on these notes did not prevent the running of the statute as to Atkinson and the two guarantors, because it was not shown that they made the payments. The payments of interest are indorsed on the notes, and they were set forth in and exhibited with the petition. No attack was made by any pleading upon the indorsements, and the record does not show by whom the payments were made. On the contrary, the defensive pleadings merely assert that the payments of interest did not have the effect claimed by plaintiff. The allegations of defendant's pleadings amount to an admission that the payments and indorsements were made as indicated on the exhibited notes. It must be presumed, in the absence of a showing to the contrary, that substantial and regular payments were made by the persons who were obligated to make them. But it is argued that the obligors were not all in the same category or class, and it was necessary for plaintiff to show that the payment was made by one of the makers or guarantors, or his authorized agent. The maker and his guarantors are in the same class as obligors, and payment by either would equally affect the others. The only defendant in position to question the effect of the payments is the indorser, Frank Barker, who is released from liability because notice of nonpayment was not given. As to the other defendants, plainly the annual payment of interest prevented the running of the statute of limitations. Woonsocket Institution v. Ballou, 16 R. I. 351, 16 A. 144, 1 L. R. A. 555; Wenman v. Mohawk Ins. Co., 13 Wend. (N. Y.) 267, 28 Am. Dec. 464.

In view of the conclusion announced, it is not necessary to determine whether the provision in the notes for acceleration of maturity was self-executing or required action on the part of the holder (Cf. Farmers' Bank & Trust Co. v. Dent, 206 Ky. 405, 267 S. W. 202), or whether the five-year statute of limitation applied. It results that the court below was right in its ruling as to Frank Barker, but in error as to Atkinson and the two Dockinses.

The other defenses relied upon in the pleadings were not sustained by the evidence, and are not urged in brief. Our examination of the record leads us to the conclusion that they were without merit.

The appeal is granted, and the judgment is reversed as to Eugene Atkinson, R. C. Dockins, and J. B. Dockins' administrator, and affirmed as to Frank Barker.