## Kingman's Committee et al. v. First Nat. Bank of Mayfield et al.

(Decided Dec. 9, 1932.)

S. D. STEMBRIDGE for appellant.
J. A. WHIPPLE, Jr., for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The First National Bank of Mayfield, Ky., was adjudged to have a first lien on certain property in Hickman, Ky., and this appeal resulted.

The property in lien was acquired by the appellant Maggie Ellison under the will of her father in Will Book 1, page 334, and a deed from her sister Mrs. Nannie Kingman in Deed Book 26, page 463; this and all other references being to the Fulton county court records.

On July 6, 1912, Mortgage Book 17, page 615, Mrs. Ellison and her husband mortgaged this property to Mrs. Kingman to secure a note for $1,000, with interest, which was to be due July 6, 1914. On September 29, 1926, Mrs. Kingman was adjudged insane; later she was released from the asylum. On February 7, 1929, H. M. Ellison was appointed and qualified as her committee, and, on the bottom of the record of the above mortgage to Mrs. Kingman, this appears:

"All notes mentioned in this mortgage having been paid in full same is hereby released and satisfied in full this the 11th day of Feby. 1929. H. M. Ellison, Com., for Mrs. Nan Kingman."

On February 12, 1929, Mr. and Mrs. Ellison (see Mortgage Book 40, page 5) mortgaged the property in question to the Hickman Bank & Trust Company to secure the following notes: $1,200 due February 12, 1930; $750 due December 31, 1927; $750 due January 1, 1928; and another note for $125 which it is alleged

has since been paid. On March 4, 1929, the Hickman Bank & Trust Company assigned this $1,200 note to the First National Bank of Mayfield, Ky., and agreed with it that the lien securing the $1,200 note should be first and prior to the lien of the $125 note and the two $750 notes. On September 23, 1929, Mrs. Kingman was again adjudged insane, and she is now in the asylum. On December 30, 1929, the Hickman Bank & Trust Company closed its doors and its affairs were placed in the hands of the banking commissioner of Kentucky.

On May 18, 1930, the First National Bank began this action against Mr. and Mrs. Ellison, the banking commissioner, etc., upon this $1,200 note and to enforce the lien securing it. April 18, 1930, H. M. Ellison as committee for Mrs. Kingman intervened, set up this $1,000 note, alleged it was a first lien, was principal and interest wholly unpaid, and that the lien securing it had been released by fraud or mistake. The First National Bank and the banking commissioner denied the allegations of this intervening petition, pleaded the $1,000 note to Mrs. Kingman due July 6, 1914, was barred by the statute of limitation, pleaded usury therein, etc. Other pleadings and issues made thereby are of no concern on this appeal.

The court ordered the property sold, adjudged to the First National Bank a first lien on such proceeds to secure the $1,200 note, and directed that balance of the proceeds of sale be held subject to the future orders of the court.

Mrs. Kingman's committee is insisting he had no right to release this lien as he did, but we do not have to decide this question, for, if there had been no release made, the result would be the same. The plea of the statute of limitations (Ky. Stats., sec. 2514) was fatal. The First National Bank had the right to make this plea, for in Hazel v. McCullough, 188 Ky. 419, 222 S. W. 100, 101, we said:

"But it is said that the plea of the statute is a personal privilege of the party, and cannot be set up by a stranger. This, as a general rule, is undoubtedly correct with respect to personal obligations, which concern only the party himself, or with respect to property which the party possesses the power to discharge or dispose of. But with respect to property placed by him beyond his control,

or subjected by him to liens, he has no such personal privilege. He cannot at his pleasure affect the interests of other parties. His grantees or mortgagees, with respect to the property stand in his shoes, and can set up any defense that he might himself have set up to the action, either to defeat a recovery of the property or its sale."

And in Alexander v. West, 241 Ky. 541, 44 S. W. (2d) 518, 519, we held:

"Though plea of limitations as to personal liability of sureties on mortgage note was personal, mortgagor's grantees could plead mortgage lien given sureties was barred by limitations."

There is no difference in principle between the status of a vendee and a mortgagee. Such is the general rule, see 17 R. C. L. p. 963, sec. 331.

It is contended for Mrs. Kingman that her insanity prevents the running of limitations against her, but she was not insane on July 6, 1914, when her cause of action accrued, and did not become so until September 29, 1926. The running of the statute having started, was not stopped by her subsequent disability. See section 2537, Ky. Stats.

The judgment is affirmed.