# Fidelity & Columbia Trust Co. v. Nordeman et al.

(Decided June 9, 1936.)

FURLONG & WOODBURY for appellant.

WOODWARD, DAWSON & HOBSON and WILBUR FIELDS for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Johanna Sophia Hartman, a resident of Louisville, Ky., died intestate in the month of May, 1925, the owner of a residence on Beechwood avenue in the city of Louisville. In June, 1926, Gustave Adolph Ackerman, brother of decedent, claiming to be her only heir, conveyed the property to his daughter, Alvina Gable; in June, 1927, Mrs. Gable and her husband conveyed the property to Murray C. Tiedman; in May, 1928, Tiedman conveyed the property to George Summers, and part of the consideration in this last transaction was paid in cash, and the remainder, $7,500, was evidenced by Summers executing his ten promissory notes of $750 each payable to appellant, Fidelity & Columbia Trust Company, and to secure payment of the notes a lien was retained on the property, and appellant furnished Summers that sum of money to pay Tiedman the remainder of the purchase price of the property. In August, 1928, Summers conveyed the property to appellee, Ednah Nordeman, and as part of the consideration for this conveyance, Mrs. Nordeman assumed the payment of the balance due on Summers' notes to the appellant, which was secured by the lien in the deed from Tiedman to Summers above referred to. Thereafter, Mrs. Nordeman paid three of the notes, or $2,250, leaving a balance of $5,250 on the notes, and before they matured or were paid, Anna Maria Hefti and other parties residing in Switzerland and other countries of Europe, claiming to be heirs at law of the decedent, Johanna Sophia Hartman, instituted their suit in the Jefferson circuit court to recover title to three-fourths of the property left by the decedent and which Ackerman conveyed to his daughter. They claimed that one-fourth only of the property descended to Ackerman, and they were the owners of the undivided three-fourths interest. Subsequently, C. B. Nordeman, the husband of Mrs. Ednah Nordeman, acquired this outstanding three-fourths interest, thereby becoming the owners of the entire property.

The appellant filed its answer, counter-claim, and cross-petition denying the allegations of plaintiff's petition, and further pleaded, among other things, that when Summers purchased the property from Tiedman, he, Summers, executed and delivered to it his ten certain promissory notes for the sum of $750 each, whereby he agreed to pay the notes with interest from date until paid, and a lien was retained on the property to secure

the payment of the notes, and thereafter Summers conveyed the property to Mrs. Nordeman, who agreed and promised to pay the notes and assumed all the obligations of Summers to the appellant, and a lien was retained in that deed to secure that assumption, and prayed judgment against Summers and Mrs. Nordeman for $5,250, the unpaid balance of the notes, and for a lien upon the property to secure the payment of the judgment, and that the lien be enforced and the property be sold in satisfaction thereof.

By subsequent pleadings the issues were made and the court entered judgment adjudging the plaintiffs, Anna Maria Hefti, and her coplaintiffs, to be the owners of an undivided three-fourths interest in the property and that the appellant had a lien on one-fourth interest in the property to secure the payment of one-fourth of the original debt of $7,500, and that the chain of deeds from Ackerman to Mrs. Nordeman, inclusive, only conveyed an undivided one-fourth interest to the property, and that inasmuch as three-fourths of the title had failed, appellant's lien likewise failed pro tanto; and, Mrs. Nordeman having paid the sum of $2,250 of appellant's debt, or more than one-fourth of the principal sum of $7,500, the lien of appellant had been satisfied in full, and declared the property free from all liens of appellant by reason of the lien retained in the deed from Tiedman to Summers. From that judgment appellant brings this appeal as against Mrs. Nordeman and her husband, C. B. Nordeman, and Lois Nordeman, but no appeal is prosecuted from so much of the judgment as adjudged the plaintiffs the owner of three-fourths of the property.

The issue before us in this appeal is stipulated by the parties as follows:

"It is stipulated by the defendants, Fidelity and Columbia Trust Company, of the first part, and C. B. Nordeman, and Ednah Nordeman, of the second part, that the only issue in controversy between them in this cause is whether the trust company has a lien upon an undivided one-fourth interest in the property described in the petition to secure the payment of all the purchase money notes, or whether it has a lien on said undivided one-fourth interest to secure the payment of only one-fourth of the purchase money notes.

"It is further stipulated and agreed that the first three of said notes for $750.00 each were paid during the period said property was in the name of the defendant, Ednah Nordeman."

Appellant insists that it merely loaned Summers the $7,500 which he paid Tiedman for the property, and Mrs. Nordeman having assumed Summers' obligation to appellant when she purchased the property of Summers, it is entitled to a personal judgment against her for the unpaid balance of $5,250 and a lien upon her one-fourth interest in the property which she acquired by the deed of Summers to her. It is also insisted that appellant is the holder in due course of the notes executed to it by Summers, and, therefore, the notes are not subject to the defenses of Mrs. Nordman in respect to the failure of three-fourths of the title to the property. We cannot accept that theory. Had Summers made the notes payable to Tiedman and Tiedman had transferred them to appellant for a valuable consideration and before maturity, a different question might have been presented. But inasmuch as appellant was the payee of the notes and did not purchase or procure them from another, it cannot be considered a holder in due course of its own notes.

In the recent case of Rider v. Roberts, 261 Ky. 317, 87 S. W. (2d) 611, 612, wherein a similar question was involved, we said:

"It is a negotiable instrument, but it is sued on by Mrs. Roberts, the original payee, and Mrs. Roberts is not a holder in due course. See Sweeney v. Taylor's Ex'r, 205 Ky. 390, 266 S. W. 665; Coral Gables, Inc. v. Barnes, 247 Ky. 292, 57 S. W. [2d] 18; Rommel Bros. v. Clark, 255 Ky. 554, 74 S. W. [2d] 933; 8 C. J. pp. 468, 469, 470, sec. 686; Brannon on Negotiable Insts. [5th Ed.] pp. 513, 514; section 3720b-58, Ky. Stats."

And this rule has been extended even further. When a payee repurchases his note, he occupies the same position as if it had never been negotiated, and the note is subject to all the defenses existing between the original parties. Coral Gables, Inc. v. Barnes, 247 Ky. 292, 57 S. W. (2d) 18.

Kentucky Statutes, sec. 3720b-28, reads:

"Absence or failure of consideration is a matter of

defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.''

In appellant's answer, counterclaim, and cross-petition, it stated that Summers made and executed to it the notes in question as a part of the consideration for the conveyance of the property from Tiedman to Summers, and to secure the payment of the notes a lien was retained upon the property therein conveyed, and that as a part of the consideration for the conveyance by Summers to Mrs. Nordeman she assumed, agreed, and promised to pay the notes, and that a lien was retained in that deed to secure the obligation she thereby assumed.

It is manifest, therefore, that Mrs. Nordeman assumed Summers' obligation in consideration of the property deeded to her by Summers. She had no contract with appellant, and, her obligation being to Summers only, appellant's right to recover of her is derivative; that is, it is based upon her contract with Summers and can be no higher nor better than Summers' right against her. The consideration for Mrs. Nordeman's obligation to Summers having partially failed, her liability to him failed pro tanto. Vinaird v. Bodkins' Adm'x, 254 Ky. 841, 72 S. W. (2d) 707.

A fortiori, appellant cannot recover of Mrs. Nordeman where the consideration for which she assumed appellant's debt failed in whole or pro tanto.

Judgment affirmed.

Whole court sitting.