## Commonwealth Life Ins. Co. v. Eline.

(Decided June 24, 1938.)

540

GRADDY CARY, JULIAN ELLIOTT nd BATSON & CARY for appellant.

WILBUR O. FIELDS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

On June 27, 1929, Joseph F. Russell and A. L. Coupe executed and delivered to the Commonwealth Life Insurance Company a mortgage on a piece of real estate in Jeffersonville, Indiana, to secure a series of notes for $450 each, aggregating $9,000. On December 16, 1929, Russell and Coupe exchanged this mortgaged property to Elizabeth Eline for real estate owned by her in St. Matthews, Kentucky. In the deed for the Indiana real estate, Elizabeth Eline assumed and agreed to pay the mortgage indebtedness to the Commonwealth Life Insurance Company. In addition to the Indiana property or their equity therein, Russell and Coupe as a further consideration for the Kentucky

property deeded to them, executed and delivered a note for $13,050 to Elizabeth Eline. The deeds are not in the record nor is it made to appear whether a lien was retained in the deed from Elizabeth Eline to Russell and Coupe to secure the payment of the note which they executed to her.

In October, 1935, the Commonwealth Life Insurance Company instituted this action against Russell and Coupe seeking to recover the balance of approximately $6,500 due on the notes secured by the mortgage on the Indiana property and later by amended petition Elizabeth Eline was made a party defendant and recovery sought of her because of her assumption of the mortgage indebtedness as above set out.

Among other defenses Elizabeth Eline pleaded in substance that as a part of the consideration for the transfer between her and her co-defendants and for her assumption of the mortgage indebtedness, Russell and Coupe executed to her the note for $13,050 on which she had recovered judgment no part of which had been satisfied except the sum of $251.30; that each of them had filed petitions in bankruptcy listing no assets and each had been adjudged bankrupt; that the claim of the plaintiff against her was derivative through Russell and Coupe and of no higher dignity and that any recovery by plaintiff was barred to the same extent and in the same manner it would be if prosecuted by her co-defendants, Russell and Coupe. Later on all other defenses were withdrawn and the cause was submitted on the pleadings as to issues between plaintiff and the defendant, Elizabeth Eline, and it was adjudged by the court that there was a failure of consideration for the assumption of the mortgage indebtedness by Elizabeth Eline and that the petition of plaintiff as against her be dismissed. Plaintiff is appealing.

As grounds for reversal it is argued in effect by counsel for appellant that by her assumption of the mortgage indebtedness of her grantors, Russell and Coupe, appellee became personally liable thereon to appellant and that there was no such failure of consideration as would relieve her of such liability.

Counsel for appellee makes no question about the prevailing rule in this jurisdiction that one for whose benefit a contract is made may maintain an action thereon in his own name even though the undertaking

is not directly to or with him (Northwestern Mut. Life Insurance Company v. Eddleman, 247 Ky. 116, 56 S. W. (2d) 561, 87 A. L. R. 276, and authorities therein cited), but it is contended on behalf of appellee in keeping with the plea on which she finally relied as a defense that her grantors could not recover of her on the assumption agreement because they are indebted to her in sums in excess of the balance due on the mortgage and that, since appellant's rights are derivative, it cannot recover of her the balance due on the mortgage for the same reason. Among the cases cited and relied on as supporting this contention is that of Fidelity & Columbia Trust Company v. Nordeman, 266 Ky. 106, 98 S. W. (2d) 47. Counsel for appellant also relies on that case as supporting the contention that there was no failure of consideration.

It is a firmly established doctrine in this and a great majority of other states that a purchaser of lands encumbered with a mortgage or other lien who assumes and agrees to pay or satisfy the lien indebtedness on the property purchased becomes personally and primarily liable therefor and liability under the assumption agreement inures to the mortgagee or lien holder who by appropriate action in his own name may enforce same. Louisville Joint Stock Land Bank v. Ezell, 263 Ky. 367, 92 S. W. (2d) 349; White v. Upton, 255 Ky. 562, 74 S. W. (2d) 924; Gray v. Gilliam, 166 Ky. 194, 179 S. W. 22; Venable's Ex'x v. Thompson, 216 Ky. 721, 288 S. W. 669, Kentucky Joint Stock Land Bank v. Farmers Exchange Bank, 274 Ky. 525, 119 S. W. (2d) 873, this day decided by this Court. This rule is stated in annotations, 21 A. L. R. 440, with a number of cases cited from Federal Courts and from 36 different states including Kentucky as supporting it. See also annotations, 47 A. L. R. 340, and 81 A. L. R. 1305. However, in cases of this character as in other cases involving contracts made for the benefit of a third person who is a creditor beneficiary, action and recovery may be against both the promisee and the promisor or against either as indicated by the foregoing and many other cases that might be cited.

Courts are not in strict accord concerning defenses that may be interposed by vendees who assume the payment of mortgage indebtedness as against the mortgagee but this court as well as many others has apparently recognized failure of consideration for the assump-

tion agreement as a valid defense. Such defense was upheld in Fidelity & Columbia Trust Company v. Nordeman, supra, but in that case the grantor in fact had title to only an undivided one-fourth interest in the property attempted to be conveyed and her title failed to the remaining three-fourths undivided interest and it was held that the consideration for the assumption of the mortgage indebtedness failed to that extent.

Counsel for appellee cite authorities to the effect that a third party beneficiary who seeks to avail himself of advantage of a contract made for his benefit between the others must take the contract subject to all legal defenses and inherent equities arising out of the contract as between the contracting parties. There is nothing inherent in the contract under consideration such as failure of title, illegality or other vices that would afford a defense. The defense is not based on anything inherent in the contract but on supervening circumstances. Apparently the Kentucky property was of much greater value than the Indiana property or at least the parties so regarded it. When appellee conveyed her property to Russell and Coupe and took the note for the balance of the purchase price she had a lien on the property conveyed as between herself and her grantees, regardless of whether it appeared in the deed that a portion of the purchase price was unpaid; but if it did so appear, she had a lien even against creditors and purchasers. Kentucky Statutes, sec. 2358; Starbird v. Blair, 227 Ky. 258, 12 S. W. (2d) 693; Ford et al. v. Ford's Ex'r, 233 Ky. 673, 26 S. W. (2d) 551. There was no failure of title in this instance as there was in the case of Fidelity & Columbia Trust Company v. Nordeman, supra. The assumption agreement was absolute, unconditional and was neither voidable nor unenforceable at the time of its making. Unquestionably it was supported by a valid and presumably an adequate consideration at the time. In the circumstances revealed by the record it is our conclusion that there was no such failure of consideration as would relieve appellee of her personal and primary obligation to appellant under her valid assumption agreement.

Wherefore, the judgment is reversed with directions to set it aside and to enter judgment in conformity with this opinion.