# Citizens State Bank of Wickliffe v. Union Central Life Ins. Co.

(Decided Nov. 29, 1938.)

WHEELER & SHELBOURNE for appellant.

M. C. ANDERSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On May 12, 1913, Hubert B. Tanner executed and delivered to the Union Central Life Insurance Company, hereinafter called the insurance company, a mortgage on a tract of about 53 acres of land in Ballard county to secure the payment of an indebtedness evidenced by notes in the sum of $1600. On May 14, 1913, Hubert B. Tanner sold the property to James F. Dale and the latter, as part of the consideration assumed the payment of the $1600 mortgage indebtedness to the insurance company. On September 27, 1913, James P. Dale conveyed the land to Ben T. Newman and the latter as a part of the consideration, assumed the lien indebtedness to the insurance company. On July 20, 1918, Ben T. Newman executed and delivered to the insurance company a second mortgage on the land to secure an indebtedness evidenced by a note in the sum of $500. On February 3, 1922, Ben T. Newman executed to T. L. Dale a mortgage on the same land to secure an indebtedness in the sum of $650 evidenced by a note. On May 1, 1923, Ben T. Newman executed and delivered to the insurance company a mortgage to secure an indebtedness in the sum of $1600 evidenced by notes. On June 20, 1923, the insurance company executed a power of at-

torney to the county court clerk of Ballard county authorizing and empowering him to make "satisfaction and release" of its mortgage dated May 12, 1913, and on June 25, 1923, the clerk pursuant to the power of attorney made the following release on the margin of the record of that mortgage, "This mortgage having been paid in full, same is hereby released, this June 25, 1923." On or about August 21, 1923, T. L. Dale transferred the $650 note of Ben T. Newman to the Citizens State Bank of Wickliffe, hereinafter called the bank, and on January 9, 1934, he by formal endorsement assigned and transferred the mortgage securing the note to the bank.

The insurance company instituted this action in equity against Ben T. Newman and wife seeking to recover the balance due on its above mentioned mortgage indebtedness and for the enforcement of its two mortgage liens alleging that such liens were first and prior liens against the land described in the mortgages. It made the bank a party defendant and asked that the latter be required to assert any claim it might have against the land. It prayed that its mortgage liens be adjudged prior and superior to any lien or claim of the bank.

By answer and cross petition the bank denied the material allegations of the petition and affirmatively alleged in substance that because of matters above recited and especially the release of the mortgage of the insurance company dated May 12, 1913, its lien was prior and superior to the insurance company's $1600 mortgage lien.

On final hearing it was adjudged in effect that both the insurance company and the bank were entitled to recover the sums sued for and to the enforcement of their mortgage liens but it was adjudged that both mortgage liens of the insurance company were prior and superior to the lien of the bank and the latter is appealing.

Without entering into detail it may be said that the record discloses that the mortgage to appellee under date of May 12, 1923, and the indebtedness which it secured was merely a renewal and continuation of the mortgage indebtedness evidenced by the prior mortgage in that sum. The $1600 mortgage lien was on the land when the $650 mortgage note was assigned and transferred to the bank. The bank did not become obligated nor acquire any rights because of or on faith that the

original $1600 mortgage had been released of record. If there had been an interim between the release of the original mortgage and the execution of the later mortgage for $1600 and the bank on the faith of that release had acquired a lien in the interim, a different question would be present

When Ben T. Newman assumed the payment of the original $1600 mortgage indebtedness, he became, as between himself and appellee, personally and primarily liable therefor. Commonwealth Life Insurance Company v. Eline, 274 Ky. 539, 119 S. W. (2d) 637 and as pointed out, the execution of the new mortgage was to all intents and purposes a renewal and continuation of the old indebtedness and the lien.

In the recent case of Barriger v. Martin, 259 Ky. 406, 82 S. W. (2d) 450, it was held in effect that where a new mortgage is substituted for a prior one, equity will keep the first alive when the interests of justice require it. That opinion and the authorities cited therein fully supporting and sustaining it, are so conclusive as to leave no doubt concerning the correctness of the judgment as respects priority of liens. In the circumstances revealed by the record appellant's claim of novation as between the parties to this appeal is without merit and cannot be sustained.

Judgment affirmed.