## Yeiser v. Webb.

May 18, 1945.

Otto C. Martin for appellant.

Allen P. Cubbage and E. S. Howard for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

On February 2, 1920, Mrs. Valeria Yeiser, a widow, executed her promissory note to Miss Era Taylor for $3000 payable 12 months after date. She secured it by mortgaging a farm of 217 acres located in Ohio County, which had been devised to her by her husband. The note was credited by various sums paid by Mrs. Yeiser before her death on December 20, 1923, which about took care of the interest.

Mrs. Yeiser died intestate survived by three children; a daughter and the appellant here, Miss Susan Yeiser, and two sons. On January 14, 1924, the two sons conveyed their interest in the farm to their sister, the deed reciting that she assumed the payment of the $3000 mortgage. The note was credited by $211.80 paid by Miss Susan on February 2, 1924, and the next payment was made by her a little more than ten years later when on May 21, 1934, she paid $50. From that date through March 6, 1941, she made various small payments in each year, except 1937, 1938 and 1939, which did not keep up the interest. After her mother's death all credits on the note were paid by Miss Susan.

On March 27, 1943, Miss Taylor assigned the note to O. B. Webb in consideration of $2500. He brought this action on April 21, 1943, against Miss Susan to foreclose the mortgage. In her answer as thrice amended Miss Susan pleaded the 5 year statute (KRS 413.120) in bar of her personal liability on what she avers was an oral agreement to assume the mortgage indebtedness (she not having signed the deed wherein she assumed the mortgage); the 15 year statute (KRS 413.090) in bar of the note; also, several other defenses in which there is so little merit it is not necessary to mention them.

There is practically no controversy as to the facts in the record submitted to the chancellor who held that the payments by Miss Susan upon the note executed by her mother tolled the 15 year statute of limitation (KRS 413.090) and directed that the farm be sold in satisfaction of the mortgage lien. From this part of the judgment an appeal is prosecuted. The chancellor further held that the 5 year statute (KRS 413.120) was a bar to any personal judgment being rendered against Miss Susan since a 10 year interim followed her payment on February 2, 1924, before she started subsequent pay-

ments in 1934, and this action is not based on a new promise, but is a suit on the original note. See City of Louisa v. Horton, 263 Ky. 739, 93 S. W. 2d 620, 623, and Sparkman's Guardian v. Huff, 266 Ky. 183, 98 S. W. 2d 484, for a statement of the rule as to when suit must be instituted on the original obligation where limitation is involved. The chancellor very likely rested his opinion on Botkin v. Middlesborough Town & Lands Co., 66 S. W. 747, 23 Ky. Law Rep. 1964, which was followed in Bryson's Adm'r v. Biggs, 104 S. W. 982, 32 Ky. Law Rep. 159. As no appeal was prosecuted from this part of the judgment, we are not concerned with the question as to whether the assumption of the mortgage indebtedness as recited in the deed she accepted was an oral or a written promise.

Appellant insists that as the mortgage was but incident to the note and as the 5 year statute barred its collection from her, it follows that the mortgage died with the note. It is true that when a note is barred by limitation the lien securing it is likewise barred. McCracken County v. Mercantile Trust Co., 84 Ky. 344, 1 S. W. 585; Hazel v. McCullough, 188 Ky. 419, 222 S. W. 100; Ewell v. Daggs, 108 U. S. 143, 2 S. Ct. 408, 27 L. Ed. 682. However, sight must not be lost of the fact that the 5 year statute did not bar the note, but only barred its collection against appellant on what the chancellor decided was her oral agreement to pay it. Therefore, the original note and the mortgage were not affected when the 5 year statute relieved Miss Susan personally from her obligation upon assuming the payment of the note.

To answer the argument that Miss Susan by assuming this indebtedness became a surety and any payments made by her did not toll the statute as to the principal, it is only necessary to say that in assuming the payment of this debt she became a principal along with the mortgagor. 19 R. C. L. sec. 145, p. 374; White v. Upton, 255 Ky. 562, 74 S. W. 2d 924; Commonwealth Life Ins. Co. v. Eline, 274 Ky. 539, 119 S. W. 2d 637. See annotations 21 A. L. R. 440; 47 A. L. R. 1305.

It is provided in KRS 396.070 that heirs or devisees are chargeable with the liabilities of their decedents to the extent of assets received from them, and a creditor by suit in equity against the heirs or devisees may be

adjudged a lien on any specific property descended or devised. Such an action must be brought within seven years after the death of the testator or of the decedent, KRS 413.210.

The petition alleged that Miss Susan and her two brothers inherited this land from their mother, the mortgagor, and that the brothers conveyed their interest to Miss Susan in consideration of her assuming the payment of the mortgage indebtedness and that the plaintiff should be adjudged a lien and that the same should be foreclosed. The 7 year statute was not pleaded as a bar to the petition. In view of KRS 396.070 et seq., payments made by an heir of a deceased mortgagor are sufficient to keep the mortgage alive against all persons claiming under the mortgagor. 37 C. J. sec. 644, p. 1166; 34 Am. Jur. sec. 360, p. 281; Murdock v. Waterman, 145 N. Y. 55, 33 N. E. 829, 27 L. R. A. 418. Whether the payments on the note by Miss Susan be considered as having been made by reason of her assumption of the mortgage, or as having been made to protect her inheritance under KRS 396.070 et seq., they prevented the statutes of limitation from running against the original note. Therefore, the chancellor's judgment was correct that plaintiff had a lien on this land by virtue of the mortgage securing the note and he did not err in directing a sale of the land to satisfy it.

The judgment is affirmed.