Helen Futrell **LADD** et al., Appellants,

v.

Katie Martin **OVERCAST** et al., Appellees.

Court of Appeals of Kentucky.

Feb. 12, 1965.

Joseph S. Freeland, Paducah, for appellants.

Waylon Rayburn, Murray, for appellees.

PLEAS JONES, Special Commissioner.

This is an appeal from a judgment of the Christian Circuit Court dismissing appellants' complaint upon the ground that their claim was barred by limitation.

The case presents only one question to be determined by the Court: Does KRS 413.-210 apply to an action brought by creditors of a decedent against his devisees only, where there is no personal representative at the time the action is commenced?

For a determination of this question, we will briefly review the facts:

Charles E. Ladd was indebted to T. O. Turner in the sum of $12,564.18. On April 23, 1954, Ladd conveyed to Turner approximately three hundred acres of land in Christian County, together with certain farm machinery and equipment. This conveyance was made to Turner in consideration of Turner's written agreement that when he should sell the property, he would, after payment of his indebtedness, pay Ladd's "family" any surplus derived from such sale. On May 22, 1954, Turner sold the real estate and personal property. On February 1, 1955, Turner died testate, and

his will was duly probated. The executors named in the will proceeded to distribute the assets of the estate of Turner, made final settlement with the Calloway County Court and were discharged from further duties and liabilities under the trust.

On August 29, 1963, appellants, being the members of the "family" of Charles E. Ladd, filed suit in the Christian Circuit Court demanding judgment against appellees, who were members of the family and devisees of Turner, in the total sum of $11,583.47, plus interest on that amount to the date Turner received the money. Appellants contend that this sum represents the difference between the amount received by Turner when he sold the real estate and personal property and the amount of Ladd's indebtedness to Turner. The trial court held that appellants' suit was barred by the statute of limitations, and dismissed the complaint.

The statute relied upon by appellees and by the trial court in dismissing appellants' complaint is KRS 413.210, which is as follows:

"No action upon a cause which accrued against a deceased person in his lifetime shall, when his estate has been distributed and divided, be brought against his heirs or devisees jointly with his personal representative after the expiration of seven years from his death."

Appellants contend that KRS 413.210 does not apply to actions in which the personal representative is not joined as a defendant. In this case, the personal representatives were not joined because they had made final settlement and had been discharged long before this action was commenced.

Appellants also insist that the same considerations do not apply to actions brought against the heirs or devisees of Turner, since they have received the assets of the decedent and ought to remain subject to his liabilities, but we do not agree with appellants' contention. This Court, in Yeiser v. Webb, 300 Ky. 26, 187 S.W.2d 831, clearly set forth its interpretation of KRS 413.210 in a discussion of KRS 396.070, when it said:

"It is provided in KRS 396.070 that heirs or devisees are chargeable with the liabilities of their decedents to the extent of assets received from them, and a creditor by suit in equity against the heirs or devisees may be adjudged a lien on any specific property descended or devised. Such an action must be brought within seven years after the death of the testator or of the decedent, KRS 413.210."

We cannot perceive that the Legislature intended KRS 413.210 to apply only to those actions brought against a decedent's "heirs or devisees jointly with his personal representative after the expiration of seven years from his death," when the personal representatives have fulfilled their trust before the action is commenced. When KRS 413.210 is read in connection with KRS 413.200 and KRS 413.220(1), (2), and (3), it is obvious that the Legislature intended to require creditors to bring their actions on claims against the heirs and devisees of a decedent jointly with decedent's personal representative, or against his heirs and devisees alone, within seven years of the death, if his personal representative has made final distribution and been discharged.

Appellants' cause of action accrued during the lifetime of Turner on May 22, 1954, and an action could have been commenced from that date until the date of his death on February 1, 1955. An action against his personal representatives could have been brought from February 4, 1955, the date of their appointment, until they filed their final accounting and were discharged from their trust. Appellants could have commenced their action against the beneficiaries and devisees of the estate of Turner from the date of his death, February 1, 1955, until January 31, 1962, inclu-

sive, within the seven year limitation. If the action had been filed before the personal representatives had made their final report and accounting and were discharged, they could have been joined as parties defendant, along with the heirs and devisees. They were not. The action was not commenced until August 29, 1963, which was 9 years, 3 months and 7 days from the date the action accrued, and it is therefore barred by limitations. KRS 413.210.

The judgment is affirmed.