Conchita CRISLER, a/k/a Connie Crisler, Appellant,

v.

CITIZENS FIDELITY BANK AND TRUST COMPANY, Appellee.

CITIZENS FIDELITY BANK AND TRUST COMPANY, Cross-Appellant,

v.

Kenneth R. CRISLER, Conchita Crisler, a/k/a Connie Crisler, Cross-Appellee.

Court of Appeals of Kentucky.

Sept. 12, 1986.

Rehearing Denied Dec. 12, 1986.

Discretionary Review Denied by Supreme Court March 3, 1987.

Kenneth C. Plotnik, Louisville, for appellant/Crisler.

Richard W. Iler, Mark A. Robinson, Louisville, for appellee/Citizens.

Before COMBS, COOPER and MILLER, JJ.

MILLER, Judge.

These appeals arise from an order of the Jefferson Circuit Court dismissing Conchita Crisler's complaint against Citizens Fidelity Bank and Trust Company (Citizens) and Citizens' third-party complaint against Kenneth R. Crisler.

The facts are these: On May 7, 1971, Sherrell and Sarah Nunnelley executed a note and mortgage in the amount of $3,500 to Prudential Building and Loan Association of Louisville, Kentucky. The mortgage covered the Nunnelley residence located in Louisville. On April 22, 1975, the Nunnelleys conveyed their residence to Kenneth R. Crisler and Conchita Crisler, his wife. The deed recognized the Prudential mortgage and provided "the parties of the second part [the Crislers] hereby assume and agree to pay" same.

On October 23, 1975, Prudential's receiver assigned the Nunnelleys' note and mortgage to Citizens Fidelity Bank and Trust Company.[1] The note was defaulted with a balance due and owing of $1,305.08. Thereupon, Citizens, claiming a right of set-off, removed the sum of $1,305.08 from a savings account of appellant, Conchita Crisler, in satisfaction of the mortgage indebtedness.[2] Conchita filed this action asking that Citizens be required to return the sum to her savings account and praying punitive damages. Citizens countered by maintaining that by assuming and agreeing to pay the mortgage in the Nunnelley deed, the Crislers rendered themselves primarily liable on the indebtedness and, consequently, it was proper to set-off the balance from Conchita's savings account upon default.[3]

The trial court agreed. Conchita appeals. We affirm.

We think the case of *Commonwealth Life Ins. Co. v. Eline*, 274 Ky. 539, 119 S.W.2d 637 (1938), is controlling. In that case, it was stated:

It is a firmly established doctrine in this and a great majority of other states that a purchaser of lands encumbered with a mortgage or other lien who assumes and agrees to pay or satisfy the lien indebtedness on the property purchased becomes personally and primarily liable therefor and liability under the assumption agreement inures to the mortgagee or lien holder who by appropriate action in his own name may enforce same. [Authorities omitted.] *Id.* at 639.

Appellant contends Citizens' recovery against her is improper because of KRS 355.3–401(i) which provides that "[n]o person is liable on an instrument unless his signature appears thereon." This section is not applicable. Citizens' rights do not stem from the note but from the assumption provision in the Nunnelley deed.

In view of our decision in Conchita's appeal, the dismissal of Citizens' third-party complaint was proper.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

All concur.

---

1. Actually, the assignment went to Citizen's Fidelity Bank and Trust Company d/b/a Laclede Mortgage Company.

2. No direct contention is made regarding Citizens' right to set-off. Rather, the contention is made that Conchita is not at all obligated to Citizens by virtue of the deed from the Nunnelleys.

3. Citizens filed a third-party complaint against Kenneth R. Crisler, praying for indemnity and contribution.