803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM WALKER, JR., Plaintiff-Appellant
v.
CITY OF BOWLING GREEN, KENTUCKY; POLICEMAN SCOTT BOWERMAN;
AND W.C. BROOKS, Defendants-Appellees.
 No. 86-5444.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1986.
 
 1
 BEFORE: MARTIN, GUY and NORRIS, Circuit Judges
 
 ORDER
 
 2
 Plaintiff appeals from the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983 and moves this Court for in forma pauperis status and appointment of counsel. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the documents filed on appeal, including plaintiff's informal brief and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff, proceeding pro se, filed a civil rights complaint on august 30, 1985, against defendants alleging that they illegally arrested and detained him on April 22, 1980, ultimately causing him to be institutionalized for insanity. Upon defendants' motion, the district court dismissed the action. The court held that the action was untimely filed, is analogous to an action for a personal injury, and hence, barred by the running of the statute of limitations under KRS 413.140(a). Upon motion for reconsideration plaintiff argued that the time for filing the action was tolled due to his mental disability. He is schizophrenic, and alleges that his mental disability is not totally removed and hence subject to recurrence. The motion was denied. Plaintiff then timely filed a notice of appeal and moved for in forma pauperis status. The district court denied in forma pauperis status.
 
 
 4
 Upon consideration, this Court finds that the district court's judgment must be affirmed. Plaintiff's action is analogous to one for personal injury and governed by the applicable state statute of limitations, Kentucky Revised Statutes 413.140(a). Wilson v. Garcia, --- U.S. ----, 105 S.Ct. 1938 (1985). Accordingly, it was incumbent upon plaintiff to file his action within one year from the date the alleged wrongful incident occurred. Kentucky Revised Statute 413.140(a). Because of the existence of his mental disability on April 22, 1980, the running of the time was tolled until July 23, 1983, the date, according to medical evidence, that he was determined to be mentally competent. Kentucky Revised Statutes 413.170. Plaintiff did not file his action until August 30, 1985, which was in excess of one year from July 23, 1984. The running of the one-year statute of limitations period for timely filing an action cannot be tolled by subsequent periods of mental disability, or the likelihood of disability. See Kingman's Committee v. First Nat. Bank of Mayfield, 246 Ky. 404, 55 S.W.2d 39 (1932).
 
 
 5
 It is therefore ORDERED that plaintiff's motions for in forma pauperis status and appointment of counsel be and hereby are denied and the district court's judgment, affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.